IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN EASTER, No. 30029-424,

    Petitioner,

vs.                                           CIVIL NO. 11-cv-443-DRH

JAMES CROSS,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's application for writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge the revocation of forty-one days of good conduct credits resulting from an April 19, 2010, finding that petitioner possessed a homemade weapon. Petitioner is currently serving a 252-month sentence for conspiracy to possess and distribute heroin, and possession of a firearm by a felon, following his September 19, 2006, conviction in the Northern District of Illinois (*United States v. Easter*, Case No. 05-cr-50082-2). In this action, he seeks restoration of his good conduct credit and expungement of the disciplinary ticket.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts

provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that further review of petitioner's claims is appropriate.

## THE PETITION

On April 19, 2010, petitioner's cell was searched, and a homemade weapon (an 8-1/2 inch long unsharpened screw with cloth and tape wrapped around one end) was found concealed in the light fixture of the cell (Doc. 1, pp. 10, 23). Petitioner shared the cell with one other inmate, and that individual had occupied the cell for some time before petitioner was assigned there. Petitioner was moved into the cell about four months prior to the discovery of the weapon. Petitioner argues that in order to access the inside of the light fixture to hide the weapon, as well as to remove it, a screwdriver or similar tool was necessary, and petitioner had no such tool. The weapon was thus inaccessible to him, and there was no evidence that he knew about it or possessed it. Furthermore, no attempt was made to establish how long the weapon might have been in its hiding place.

At his disciplinary hearing, petitioner denied any knowledge of the weapon, but was found guilty of possession. In addition to revoking forty-one days of good

conduct credit, he was given thirty days of disciplinary segregation and ninety days loss of commissary and telephone privileges.

## ANALYSIS

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572. *See also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

In this case, petitioner was charged with a violation of Code 104, "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition." 28 C.F.R. § 541.13, Table 3. At issue in this case is the definition of possession: is it *knowing* possession, *negligent* possession, or just plain "possession"? After a hearing, the Disciplinary Hearing Officer (DHO) found petitioner guilty "[b]ased on the greater weight of the evidence" (Doc. 1, p. 23). The listed evidence consisted of the reporting staff member's statement that he "discovered a prison made hazardous tool concealed inside the main light fixture" in the cell currently occupied by petitioner; a photograph of the weapon, and petitioner's statement that "Somebody got to take the

blame for it, but it wasn't mine." *Id.* Petitioner's cellmate was also sanctioned for possession of the same weapon (Doc. 1, p. 19-20).

The DHO's finding appears to rest on the notion that all individuals assigned to a cell have equal culpability when contraband is found in the cell. Indeed, this reasoning was confirmed by the Regional Director's response to petitioner's Administrative Remedy Appeal, which stated, "All inmates housed in the cell are responsible for the weapon" (Doc. 1, p. 18). Likewise, the final response to petitioner's appeal noted that "Program Statement 5370.08 allocates to inmates the responsibility to keep their area free of contraband" (Doc. 1, p. 13).

Petitioner argues that this strict liability standard is contrary to the requirements of due process, citing a 2005 decision of this Court which restored good conduct credits where the only evidence of guilt was that concealed weapons were found behind a sink in a cell shared by four inmates. *Clark v. Veltri*, 2005 WL 1719966 *2-4 (Gilbert, J.)(S.D. Ill. July 25, 2005). As in that case, petitioner points out that no nexus between himself and the weapon was ever established, and he had resided in the cell for a relatively short time.

A response shall be ordered so that petitioner's argument may receive further consideration.

**DISPOSITION**

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the

Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.
*See* FED. R. CIV. P. 41(b).

  **IT IS SO ORDERED.**

  **DATED: February 16, 2012**

David R. Herndon
2012.02.16
11:24:25 -06'00'

  **Chief Judge**
  **United States District Judge**