# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN EASTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.: **3:11-cv-00443-DRH-PMF** |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is petitioner Steven Easter's petition for a writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. The petitioner is presently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). Respondent James Cross has filed a response (Doc. 6) to the petition, and the petitioner has filed a reply (Doc. 9). For the following reasons, it is recommended that the petitioner's writ of habeas corpus (Doc. 1) be denied.

## I. BACKGROUND

The petitioner, Steven Easter, was incarcerated at FCI-Greenville at all times relevant to this petition for a writ of habeas corpus. On January 16, 2010, an incident report was prepared at FCI-Greenville charging the petitioner with Bureau of Prisons violation 104, "Possession, Manufacture, or Introduction of a Weapon." *See* Doc. 6-1 at 1. The report indicates that on January 16, 2010, at approximately 11:15 a.m., prison officials discovered a "prison made hazardous tool concealed inside the main light fixture. It was made out of an 8 ½ inch unsharpened screw, with cloth and tape wrapped around one end." *Id*. The charge was referred

1

to an investigator, who conducted an investigation on January 19, 2010. *See id*. at 1-2. At that time, the petitioner was given a copy of the incident report, advised of his rights, and he stated that he understood his rights. *See id*. at 2. After reviewing the report, the petitioner reportedly stated "no comment" and presented no witnesses. *See id*. Based on this information, the investigator determined that the petitioner was properly charged. *See id*. Before the matter was referred to a Disciplinary Hearing Officer ("DHO"), the petitioner stated to disciplinary committee that the weapon was not his, but he will take the blame so his cellmate can go home on time. *See id*. at 1. The matter was then referred to a DHO on January 20, 2010. *See id*.

A disciplinary hearing was held on February 17, 2010 where the petitioner denied the accusations of the January 16, 2010 incident report after being advised of his rights and stating he understood his rights. *See* Doc. 1 at 22-23. At that hearing, the petitioner stated, "Somebody got to take the blame for it, but it wasn't mine." *Id*. at 22. The petitioner presented no witnesses or documentary evidence at the February 17 hearing. *See id*. at 22-23. In addition to the incident report and the petitioner's statements, the DHO considered a photograph of the weapon as evidence. *See id*. The DHO concluded, based on the greater weight of the evidence, that the petitioner committed the prohibited act charged in the incident report. *See id*. at 23.[1]

## II. DISCUSSION

The petitioner argues that his right to due process of law under the Fifth Amendment of the U.S. Constitution was violated when prison officials made a finding that the petitioner possessed a weapon that was found hidden in a light fixture in a common area of the assigned cell that he co-occupied with another inmate. *See* Doc. 1 at 10. He contends that there was no

---

[1] The respondent concedes that the petitioner properly exhausted his administrative remedies before filing the instant petition. *See* Doc. 6 at 2.

evidence linking him to the weapon found his cell. *See id*. The petitioner requests 1) restoration of the 41 days of "good-time credit" that were taken away because of the violation and 2) expungement of the violation from his prison record. *See id*. at 12. "[H]abeas corpus is available to challenge the duration as well as the fact of custody," and good-time credits reduce the length of imprisonment. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490, 500, 93 S.Ct. 1827, 1836, 1841, 36 L.Ed.2d 439 (1973); *Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986) (per curiam)). Accordingly, habeas corpus is an appropriate remedy in this case. *See id*.

The petitioner states several reasons why he believes the DHO's decision lacks merit. He claims that the DHO failed to take into consideration that he had only been living in the cell for four months before the weapon was found, and the petitioner's cellmate had been housed in the cell long before the petitioner arrived. *See id*. at 11. The petitioner also claims the DHO did not consider that whoever placed the weapon in the light fixture needed a special tool to open the light fixture and place the weapon inside. *See id*. Because a special tool was required to open the light fixture, the petitioner argues that he could not have had knowledge of the contents of the light fixture in his cell. *See id*. He complains that the DHO made no attempt to establish how long the weapon had been concealed in the light fixture. *See id*. The petitioner also complains that the DHO had no evidence by which to conclude that the petitioner and his cellmate worked in conjunction to possess the weapon. *See id*.

"Where a loss of good time credits is possible, the Supreme Court has held that the inmate must receive: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the

3

evidence relied on and the reasons for the disciplinary action.' " *McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999) (quoting *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)). Here, there is evidence in the record that demonstrates that all three of these conditions were met. *See* Doc. 6-1 at 1-2. Further, "procedural due process requires that the decision of the prison disciplinary board must be supported by 'some evidence.' " *McPherson*, 188 F.3d at 786 (citing *Hill*, 472 U.S. at 454). Whether or not the DHO's decision was supported by "some evidence" is where the disagreement lies between the petitioner and the respondent in this case. "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record. (citation omitted)." *Id*. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id*. (citation and internal quotations omitted).

    The DHO in this case relied on the following evidence in reaching its decision:

1. The incident report drafted on January 16, 2010. *See* Docs. 6-1, 1 at 22.
2. The staff member's written statement contained in the January 16, 2010 incident report. *See* Docs. 6-1, 1 at 22.
3. The investigation completed on January 19, 2010. *See* Docs. 6-1, 1 at 23.
4. A photograph of the weapon. *See* Doc. 6-1.
5. The petitioner's statement regarding the weapon, which the DHO quoted as: "Someone got to take the blame for it but it wasn't mine." *See* Doc. 1 at 22.

Furthermore, the petitioner offered no evidence or witnesses at the disciplinary hearing and was advised of those rights. Doc. 1 at 22. The undersigned cannot conclude that the DHO's decision was "arbitrary or without support in the record" based on this evidence. *See McPherson*, 188 F.3d at 786. Because the DHO's decision was supported by "some evidence," habeas relief is

not appropriate unless the petitioner can somehow invalidate the evidence relied upon by the DHO. *See id*. ("Because the 'some evidence' standard is met by [the Officer's] report, there is no basis for granting habeas relief unless [the petitioner] can somehow invalidate that report.").

The petitioner's arguments indicate that he disagrees with the conclusion that he had "possession" of the weapon, whether it was knowingly, constructively or otherwise. BOP inmates are continually made aware that everyone occupying a cell is responsible for the contents of the cell unless secured inside a locked locker.[2] The weapon in this case was found inside the light source for the cell, not inside a locked locker.[3] The petitioner had occupied the cell for approximately four months. To make matters worse, the petitioner's only statements regarding the weapon in his disciplinary proceedings seem to indicate that he had knowledge that the object was in the light source. *See* Docs. 1 at 22-23 ("Somebody got to take the blame for it but it wasn't mine."); 6-1 at 1 ("No comment. The inmate then stated the weapon was not his, but he would take the blame so inmate McCrary can go home on time."). With the above in mind, the petitioner's claim that he did not have actual and knowing possession of the weapon is entirely without merit.

Finally, the petitioner relies on an unpublished 2005 habeas corpus decision from this District, *Clark v. Veltri*, Case No. 03-275, WL 1719966 (S.D.Ill., July 25, 2005). The court, in *Clark*, concluded that a DHO finding that an inmate possessed a weapon was arbitrary when the

---

[2] This guideline is clearly set out in the Bureau of Prisons Inmate Handbook, among other sources.

[3] The petitioner claims, without any substantiation, that the light source could only be opened with a special tool. Even if that were indeed the case, it does not change the fact that the petitioner never denied knowledge of the weapon during the disciplinary proceedings. If the petitioner knew his cellmate's weapon was located in the light source in the cell, he could have asked his cellmate to remove it or even reported it to prison officials in order avoid future liability for a possible infraction.

DHO decision was based on the fact that the weapon was found in the inmate's cell and nothing more. *See id.* at 3. The inmate in *Clark* never claimed to have knowledge of the weapon, had only occupied the cell for approximately two weeks, and shared the cell with four other inmates. *See id.* at 2-3. Because the DHO in *Clark* failed to properly evaluate those considerations and others, the Court found that the DHO decision did not have a factual basis for its conclusion. *See id*. at 3. Here, the petitioner contends that his case in analogous to *Clark* in several respects. He contends that, similarly to *Clark*, the DHO in his case failed to articulate why it concluded that the weapon was the property of the petitioner. *See* Doc. 1 at 10. The petitioner contends that, like *Clark*, he shared the cell with another inmate, who also received a disciplinary violation for the same weapon, and there was no nexus between him and the weapon. *See id*.

The undersigned is not persuaded that the *Clark* decision or the legal conclusions contained therein justify the requested relief in this case. As discussed *above*, there was enough evidence for the DHO to properly conclude that the petitioner had actual and knowing possession of the weapon. Unlike *Clark*, the DHO in this case relied upon much more than the simple fact that the weapon was found in the petitioner's cell, including *inter alia* the petitioner's own statements regarding the weapon. Clark is not analogous for several other obvious factual reasons,[4] and the petitioner concedes those points. *See* Doc. 9 at 2 ("The respondent, is incorrect and thereby inaccurately mistaken, that petitioner attempt to draw parallels between Petitioner and Clark.").

---

[4] The petitioner in *Clark* denied any knowledge of the weapon whereas the petitioner in this case only denied that it was his weapon. The petitioner in *Clark* resided in his cell for approximately two weeks whereas the petitioner in this case resided in his cell for approximately four months. The petitioner in *Clark* shared his cell with four other inmates whereas the petitioner in this case shared his cell with one other inmate.

## III. RECOMMENDATION

The materials submitted demonstrate that the petitioner is not being held in custody in violation of the Constitution or federal law. He is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is recommended that the petitioner's writ of habeas corpus (Doc. 1) be denied.

**SO RECOMMENDED.**

**DATED: May 7, 2012.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**