IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN EASTER,

Petitioner,

v.

JAMES CROSS,

Respondent.                                        No. 11-cv-00443-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

I. Introduction and Background

This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("the Report") recommending that the Court deny Easter's habeas corpus petition (Doc. 11). Easter filed objections to the Report (Doc. 13) and a motion for an evidentiary hearing (Doc. 12). Based on the following, the Court **ADOPTS** the Report in its entirety and **DENIES** Easter's motion for evidentiary hearing.

On May 27, 2011, Steven Easter, an inmate at the Federal Correctional Institution in Greenville, Illinois, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Through his petition, Easter requests (1) the restoration of forty-one days of good time credit that were taken away due to a Bureau of Prisons ("BOP") violation, and (2) expungement of the violation from his prison record. On January 16, 2010, prison officials discovered a weapon concealed inside the light

Page 1 of 8

fixture in the cell that Easter shared with another inmate, and Easter was charged with violating BOP Code 104, "Possession, Manufacture, or Introduction of a Weapon." Easter contends that the Disciplinary Hearing Officer ("DHO") assigned to the matter violated his Fifth Amendment right to due process of law by determining Easter possessed the weapon without relying on any evidence linking him to the weapon. On March 12, 2012, respondent filed a response to the habeas corpus petition arguing that there does exist sufficient evidence to support the DHO's finding that Easter possessed a weapon under the lenient evidentiary standard and due to the evidence demonstrating that Easter knew of the weapon (Doc. 6). Easter filed a reply on March 20, 2012 (Doc. 9).

Judge Frazier issued the Report finding that all of the Supreme Court's requirements were met to ensure Easter's due process rights regarding the loss of good time credit and that the DHO's decision was not arbitrary or without support in the record (Doc. 11). Therefore, the Report recommends the Court deny Easter's 28 U.S.C. § 2241 petition for writ of habeas corpus. On May 18, 2012, Easter filed objections to the Report (Doc. 13).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh

consideration to those issues to which specific objection has been made. *Id.*

## II. Facts

On January 16, 2010, prison officials discovered a prison-made object constructed from an 8½-inch unsharpened screw concealed in the light fixture of the cell Easter shared with another inmate. Easter was charged with violating BOP Code 104, "Possession, Manufacture, or Introduction of a Weapon." An investigation was conducted on January 19, 2010, and Easter was then given a copy of the incident report and advised of his rights, which he stated he understood. Easter stated "no comment" after reviewing the report, and he presented no witnesses. From this information, the investigator determined that Easter was properly charged. Easter then stated to the disciplinary committee that the weapon was not his but that he would take the blame to enable his cellmate to return home on time. Then, on January 20, 2010, the matter was referred to a DHO.

At the disciplinary hearing, which was held on February 17, 2010, Easter was advised of his rights, stated he understood his rights, and thereafter denied the accusations of the incident report. Easter again presented no witnesses and failed to introduce any documentary evidence at the disciplinary hearing. He merely stated that "[s]omebody got to take the blame for it, but it wasn't mine." The DHO considered the incident report, the investigation completed on January 19, 2010, Easter's statements, and a photograph of the weapon as evidence. Based on the greater weight of the evidence, the DHO then concluded that Easter had committed the violation as charged.

On May 27, 2011, Easter filed the petition for writ of habeas corpus raising the claim that the DHO's decision was based on no evidence linking him to the weapon and, therefore, his right to due process under the Fifth Amendment was violated. Easter seeks (1) restoration of the forty-one days of good time credit that were revoked due to the violation and (2) expungement of the violation from his prison record.

### III. Legal Standard

Habeas corpus allows a prisoner to challenge both the duration and the fact of custody, and good time credits reduce the length of imprisonment. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490, 500, 93 S.Ct. 1827, 1836, 1841, 36 L.Ed.2d 439 (1973); *Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986) (per curiam)). Since Easter requests restoration of good time credit, habeas corpus is an appropriate remedy.

Illinois state prisoners have a statutory right to receive good time credits, and such a state-created entitlement to good time credits is a liberty interest protected by the Fourteenth Amendment. *Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992) (citations omitted). In order to protect the due process rights of inmates where the revocation of good time credits is considered, the Supreme Court mandates that inmates receive (1) advanced written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the

disciplinary action. *McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999) (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)).

Furthermore, procedural due process requires that the decision of a prison disciplinary be supported by "some evidence." *McPherson*, 188 F.3d at 786 (citing *Hill*, 472 U.S. at 454). This "some evidence" standard only requires that the decision not be arbitrary or without support in the record, and thus it is less demanding than the preponderance of the evidence standard. *McPherson*, 188 F.3d at 786 (citing *Hill*, 472 U.S. at 457). In reviewing the DHO's decision for "some evidence," the Court need not examine the entire record, independently assess witness credibility, or weigh the evidence; the Court must only determine whether the DHO's decision to revoke good time credits has some factual basis. *McPherson*, 188 F.3d at 786 (citing *Hill*, 472 U.S. at 455-56).

## IV. **Analysis**

In his response to the Report, Easter contends that Judge Frazier failed to address his due process rights regarding the revocation of good time credits and that he must be afforded due process before prison officials can interfere with his rights, including his liberty interest in his good time credits. The Court finds not only that Judge Frazier did specifically address this notion, but also that Easter was afforded the due process he requests.

Based upon a review of the record, the Court determines both that the three due process requirements mandated by the Supreme Court in *Hill* were met and that

Easter's procedural due process was protected as the DHO's decision was supported by "some evidence." The record indicates that Easter received notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the DHO of the evidence relied upon and the reasons for the disciplinary action. Thus, the *Hill* requirements were met. *See Hill*, 472 U.S. at 454. Although he was advised of his rights, Easter failed to offer any evidence or witness testimony at the disciplinary hearing. Without any such evidence proffered by Easter, the DHO was left to rely only upon the incident report, the investigation, a photograph of the weapon, and Easter's statements regarding the weapon. It is clear that the DHO's decision to revoke good time credits has some factual basis as required by the "some evidence" standard. *See Hill*, 472 U.S. at 455-56.

Easter, however, claims in his response to the Report that there was no independent evaluation of the reliability of pertinent records, that the DHO "meerely [sic] accepted conclusions of the Investigating Officer, who in turn merely accepted" the charging officer's statement that the weapon was found in Easter's cell, and that the DHO "had no actual nor factual evidence to place [Easter] with possession" of the weapon. Thus, he claims, the DHO's decision was unfair and deprived him of due process. The Court rejects this claim. Easter had the opportunity to present evidence and was advised of his right to do so. His failure to proffer any evidence whatsoever supporting his innocence does not render the DHO's decision unfair. To the contrary, the prison officials took care in ensuring Easter's due process rights were protected,

and through Easter's neglect in offering evidence supportive of his position, the DHO was left to make his determinations based on the evidence before him. Such evidence reinforced the charge that Easter possessed a weapon. Since the DHO's decision was supported by "some evidence," habeas relief is not appropriate unless Easter can invalidate the evidence relied upon by the DHO. *See McPherson*, 188 F.3d at 786. Easter has not attempted to do so.

Lastly, in his response to the Report, Easter still clings to the assertion that he could not have had "possession" of the weapon because it allegedly was not his. The record indicates this claim is without merit. Possession does not require that the object be his; rather, possession of an object also occurs constructively when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control over it, either directly or through others. *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990). Further, as an inmate, Easter was continuously advised that all inmates sharing a cell are held responsible for items discovered within the cell, except for items secured in a locked locker. Here, the weapon was found inside a light source, not inside a locked locker. There is also evidence supporting the notion that Easter had actual knowledge of the concealed weapon. First, Easter had occupied the cell for four months. Second, Easter's statement "[s]omebody got to take the blame for it but it wasn't mine" and his remark that although the weapon was not his, he would take the blame so his cellmate could go home on time, both indicate he had knowledge of the weapon. Easter attempts to undermine this knowledge by arguing that the light

Page 7 of 8

source could only be opened with special tools, which he was not found to possess, and that the weapon was found only by trained specialists. This argument, combined with Easter's failure to ever deny knowledge of the weapon during the disciplinary proceedings, lacks persuasion. Even if Easter did not own the weapon or could not open the light source himself, he could still have knowledge of its location. The requirement that all inmates be responsible for items in their cells and Easter's failure to deny knowledge of the weapon both suggest Easter had constructive possession of the weapon.

## V. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc.11); **DENIES** the motion for evidentiary hearing (Doc. 12); and **DENIES** Easter's petition for writ of habeas corpus (Doc. 1). Thus, the Court **DISMISSES with prejudice** the petition and **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 27th day of August, 2012.    *David R. Herndon*

Digitally signed by
David R. Herndon
Date: 2012.08.27
15:11:14 -05'00'

**Chief Judge**
**United States District Court**